tion of respondent's specific obligation it has not required such employers to contribute. Whether this pleading would have been good against a motion to make definite and certain is not before us. We are satisfied that upon the averments of the amended petition as they now appear, the relator would be permitted to introduce in support of his case proof of specific incidents wherein the respondent is remiss in failing to compel contribution to the fund.

The amended petition is good as against general demurrer, and the same is overruled.

*Demurrer overruled.*

Wiseman, P. J., Miller and Hornbeck, JJ., concur.

The Liberty Folder Co., Appellee, *v.* Anderson et al., Appellants.

(No. 145—Decided March 21, 1949.)

*Messrs. Pickrel, Schaeffer & Ebeling,* for appellee.
*Mr. Sidney G. Kusworm, Mr. D. F. Mills, Mr. Rod-*

*ney R. Blake, Mr. Robert D. Touvelle* and *Messrs. Myers & Myers,* for appellants.

By the Court. This cause is submitted on motion of defendants, appellants herein, for an order of diminution of the record. It is claimed that the bill of exceptions which has been filed, through accident or error, does not contain all the evidence submitted to the trial court on the matters at issue to be presented to the reviewing court. This claim is not disputed. Whether the bill is complete will be determined by the trial court.

The court orders the bill of exceptions remanded to the trial court for any correction which the trial court considers proper. Section 11572-a, General Code.

*Judgment accordingly.*

Miller, P. J., Hornbeck and Wiseman, JJ., concur.